UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**19 MISC 254**

In Re: Application for Exemption from
Electronic Public Access Fees by
KATE STITH

Standing Order: M10-468

ORDER

PACER FEE EXEMPTION ORDER

This matter is before the court upon the application and request by Kate Stith, Lafayette S. Foster Professor of Law, Yale Law School (the "Applicant") for exemption from the fees imposed by the Electronic Public Access Fee Schedule adopted by the Judicial Conference of the United States Courts.

The Court finds that, based upon the applicant's request dated April 24, 2019 and her original application dated January 31, 2018 describing the proposed use, the Applicant has demonstrated that an exemption is necessary to avoid unreasonable burdens and to promote public access to information.

Accordingly, the Applicant shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this Court, to the extent such use is incurred in connection with the project described in the attached application. The Applicant shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this Court. Additionally, the following limitations apply:

1. This fee exemption applies only to the Applicant and is valid only for the purposes stated above.

2. This fee exemption applies only to the electronic case files of this Court that are available through the PACER system;

3. By accepting this exemption, the Applicant agrees not to sell for profit any data obtained as a result of receiving this exemption,

4. The Applicant is prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases.

5. This exemption is valid *nunc pro tunc* from February 11, 2019 through November 30, 2019.

This exemption may be revoked at the discretion of the Court at any time. A copy of this Order shall be sent to the PACER Service Center.

Dated: New York, New York
_____, 2019

SO ORDERED:

_____
Colleen McMahon, Chief Judge
United States District Court
Southern District of New York



# Yale Law School

KATE STITH · *Lafayette S. Foster Professor of Law*

RECEIVED 2019 APR 29 PM 4:49 CLERK'S OFFICE S.D.N.Y.

April 24, 2019

Ruby J. Krajick, Clerk of Court
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Dear Ms. Krajick:

I am writing to request a renewal of an order of exemption from PACER fees in order to conduct academic research regarding the filing of prior drug felony informations pursuant to 21 U.S.C. § 851. The Southern District of New York granted the exemption order on February 12, 2018 and the order expired February 11, 2019. I am requesting a renewal to add relevant PACER information from 2018 to our current study. If granted, we request an exemption for a term of six months from the date of the order.

Since I received the original exemption from the Southern District of New York, I have received exemptions from 93 district courts for this research as well as a multi-court PACER fee exemption recommendation from the Administrative Office of the U.S. Courts.

Enclosed is the February 12, 2018 exemption order, the original exemption request, and the multi-court PACER fee exemption recommendation from the Administrative Office of the U.S. Courts. If the court chooses to grant the renewal request, please forward a copy of the order to the PACER Service Center at pacer@psc.uscourts.gov. I would also appreciate a copy of the order for my records.

If you have any questions, please feel free to be in touch. Thank you for your consideration.

Sincerely,

*Kate Stith*

Kate Stith
Lafayette S. Foster Professor of Law
Yale Law School

P.O. BOX 208215, NEW HAVEN, CONNECTICUT 06520-8215 · TELEPHONE 203 432-4835 · FACSIMILE 203 432-1957
COURIER ADDRESS 127 WALL STREET, NEW HAVEN, CONNECTICUT 06511 · EMAIL KATE.STITH@YALE.EDU

:✉ Send    📎 Attach ∨    Discard

From:    AOdb_Multi-CourtExemptions/DCA/AO/USCOURTS
To:      AOdb_Multi-CourtExemptions/DCA/AO/USCOURTS@USCOURTS
Date:    06/13/2018 12:27 PM
Subject: Re: Section 851 Multi District Pacer Exemption Filing
Sent by: Wendell Skidgel

Dear Clerk,

Attached is a PACER fee exemption request and explanation from Kate Stith, Lafayette S. Foster Professor of Law, from Yale.
Her research is expected to access an average of 2,100 cases per district.

Given the limited volume of cases she plans to access in each court, this office would recommend granting her fee exemption request.

For your convenience, a sample order is attached.

If your court chooses to grant professor Stith's exemption request, please forward a copy to the PACER Service Center at
pacer@psc.uscourts.gov.

Should you have any questions, please contact Wendell Skidgel or Christina Brito.

(See attached file: 851 Multi District Pacer Exemption letter march 20.pdf)
(See attached file: Initial 851 pacer multicourt exemption march 20 2018.pdf) (See attached file: Stith-Yale-proposed-order.pdf)

Send    Discard    📎 ∨    📅    ∨

DOC # 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



IN RE:

Application for Exemption from the
Electronic Public Access Fees by
Kate Stith, Lafayette S. Foster Professor of
Law, Yale Law School

MISC NO.

**18 MISC 0057**

ORDER

This matter is before the Court upon the application and request by Kate Stith, Lafayette S. Foster Professor of Law, Yale Law School, for exemption from the fees imposed by the Electronic Public Access Fee Scheduled adopted by the Judicial Conference of the United States Courts.

The court finds that Professor Kate Stith has demonstrated that an exception is necessary in order to avoid unreasonable burdens and to promote public access to information. Accordingly, Professor Kate Stith shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this Court, to the extent such use is incurred in the course of performing academic research to further a study of filings of prior felony enhancement motions under 21 U.S.C. § 851. Professor Stith shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this Court. Additionally, the following limitations shall apply:

1. This fee exemption applies only to Professor Kate Stith and is valid only for the purposes stated above;
2. The fee exemption is non-transferrable;
3. The data obtained as a result of the fee exempt access may not be sold for profit;
4. The account holder is responsible for preventing unauthorized use of the login and password;
5. The account holder must notify the PACER Service Center immediately at (800) 676-6856 if she believes there has been unauthorized use of the account;
6. Account usage may be monitored to ensure that the amount of usage is consistent with this fee exemption;
7. This exemption is valid for the 12-month period of February 12, 2018 to February 11, 2019; and

The Court may terminate the fee exemption at any time. A copy of this Order shall be sent to the PACER Service Center.

Date: 13 February, 2018

Colleen McMahon, Chief Judge



# Yale Law School

KATE STITH · *Lafayette S. Foster Professor of Law*



January 31, 2018

The Honorable Colleen McMahon
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Dear Chief Judge McMahon:

I am writing to request an order of exemption from PACER fees in the District of Connecticut in order to conduct some academic research regarding the filing of prior-drug-felony informations pursuant to 21 U.S.C. § 851. As you know, I am a Professor of Law at Yale Law School who studies criminal law, criminal procedure, and constitutional law.

My research has been published in the Yale Law Journal, the Harvard Law Review, the Stanford Law Review, and the Federal Sentencing Reporter, among others. I have also published research in numerous books and spoken at many academic conferences and fora. Recently, I have become interested in the Attorney General guidance issued to United States Attorney Offices and how they influence federal sentencing enhancements, particularly under 21 U.S.C. § 851.

My proposed project has two main objectives. The first is to understand the frequency and fraction of individuals convicted of federal narcotics trafficking who are sentenced under the enhanced sentencing statutes of 21 U.S.C. § 851, which requires that any mandatory minimum sentence be doubled if the prosecuting attorney files an information with the District Court demonstrating a previous felony trafficking conviction. Right now, there is limited information about the prevalence of these enhanced sentences, both within the Department of Justice and within the federal courts, most notably the United States Sentencing Commission. This project would elucidate recent trends in the use of this sentencing enhancement.

The second purpose of this project is to understand better the relationship between the Department of Justice and the United States Attorney offices. In particular, we are interested in compliance with a memo issued by Attorney General Eric Holder that directed U.S. Attorney offices to only seek sentencing enhancements under 21 U.S.C. § 851 in the most egregious

The Honorable Colleen McMahon
January 31, 2018
Page 2

cases.[1] Because we do not know the previous pattern of filing these enhancements or what happened after this memorandum was issued, we cannot answer the seemingly simple question of whether the U.S. Attorney offices complied. This research project seeks to investigate this question.

The PACER fee schedule indicates a court may grant a fee waiver to an individual researcher associated with an academic institution if the individual researcher demonstrates that paying the normal access fees would result in an unreasonable burden and that the waiver will promote public access to information.[2] I plan to make a PACER fee waiver request in at least six other districts besides the District of Connecticut.

While there is a significant amount of information available about the number and types of criminal cases that does not require PACER access, none of these sources contain the information about whether the U.S. Attorney sought a sentencing enhancement under § 851. After significant investigation, the dispositive source for this information is the case docket itself. Because of the nature of PACER fees, however, compiling this information for a single year would likely cost tens of thousands of dollars. Paying the PACER fees for access to these documents constitutes an unreasonable burden and would likely make it impossible to complete this project.

This research will promote public access to information by illuminating the use of a significant statutory sentencing enhancement in drug trafficking cases and also by investigating the nature and structure of the U.S. Department of Justice and how it related to the various federal prosecuting offices.

The PACER fee schedule also indicates that the researcher must also show that the defined project is narrow in scope, that the information accessed will not be redistributed on the internet, and that the researcher will not use this information for commercial purposes.[3]

This project is narrow in scope because it is solely concerned with sentencing in federal drug trafficking cases. This project does not currently encompass civil cases or other types of prevalent federal criminal cases. None of the data obtained from this project will be redistributed on the internet or used for commercial purposes. This project will not use PACER for anything other than the academic study of law, and this project will not use PACER for the practice of law, representing clients, or any other fee-generating purpose.

---

[1] Memorandum from Eric H. Holder, Jr., Att'y Gen. of the United States, to U.S. Att'ys and Assistant U.S. Att'ys for the Crim. Div., Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases (Aug. 12, 2013).
[2] JUDICIAL CONFERENCE, ELECTRONIC PUBLIC ACCESS FEE SCHEDULE 3 (2013), http://www.pacer.gov/documents/epa_feesched.pdf.
[3] *Id.*

The Honorable Colleen McMahon
January 31, 2018
Page 3

    Without access to these opinions and orders, it may well be impossible to continue this research project. I would be very grateful if you could assist me in completion of this project. I therefore request a fee waiver from PACER for documents held by the District of Connecticut. PACER access will be used only for academic research, and it will not be used in connection with representing clients or any other fee-generating activity.

    I have attached a template based on the template used by another scholar who obtained PACER fee waivers in this manner. I am sorry to put you (or the Clerk of Court, or whoever does this in the District of Connecticut), but apparently the Order has to come from the court.

    If you have any questions, please feel free to get in touch with me. Thank you for your help.

                          Sincerely,

                          Kate Stith
                          Lafayette S. Foster Professor of Law
                          Yale Law School